UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARKMAN BIOLOGICS CORP. and ALAN SHINDERMAN,<br><br>　　　　Defendants,<br><br>and<br><br>ASPEN ASSET MANAGEMENT SERVICES, LLC<br><br>　　　　Relief Defendant | Case No. 1:23-mc-00432<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALAN SHINDERMAN AND RELIEF DEFENDANT ASPEN ASSET MANAGEMENT SERVICES, LLC'S RULE 45 MOTION TO COMPEL PRODUCTION AGAINST NON-PARTIES DR. BARRY MARKMAN AND JUDY MARKMAN, AND RULE 45 MOTION TO ADJUDICATE NON-PARTIES DR. BARRY MARKMAN AND JUDY MARKMAN IN CIVIL CONTEMPT** |

　　　　　　　　　　　　　　　　LUCOSKY BROOKMAN LLP
　　　　　　　　　　　　　　　　Samuel Louis Blatnick, Esq. (SB6598)
　　　　　　　　　　　　　　　　David Michael Rosenfield, Esq. (DR5398)
　　　　　　　　　　　　　　　　111 Broadway, Suite 807
　　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　　973-768-4773
　　　　　　　　　　　　　　　　*Counsel for Alan Shinderman & Aspen Asset*
　　　　　　　　　　　　　　　　*Management Services, LLC*

Dated: November 14, 2023

Defendant Alan Shinderman ("Mr. Shinderman") and Relief Defendant Aspen Asset Management Services, LLC (the "Relief Defendant" and, collectively with Mr. Shinderman, the "Defendants"), by and through their undersigned counsel of record, submit this memorandum of law in support of their Motion to Compel Production Against Non-Parties Dr. Barry Markman and Judy Markman, and to Adjudicate Non-Parties Dr. Barry Markman and Judy Markman in civil contempt (the "Motion").

## PRELIMINARY STATEMENT

Defendants move this Court for an order compelling non-parties Dr. Barry Markman ("Dr. Markman") and Judy Markman ("Mrs. Markman"), collectively with Dr. Markman, (the "Markmans") to produce documents pursuant to subpoenas *duces tecum* issued out of the U.S. District Court for the District of Nevada in relation to ongoing litigation in said District (the "Subpoenas"), and/or in in the alternative, to adjudicate the Markmans in civil contempt for their failure – without adequate excuse – to produce said documents. *See Securities and Exchange Commission v. Markman Biologics Corp. et al.*, Case No. 2:23-cv-00288-APG-DJA (D. Nev.) (the "Litigation"). The Defendants issued the Subpoenas to both of the Markmans calling for a place of compliance within the Southern District of New York. *See* **Exhibits 2** and **3**. The Markmans were served with the Subpoenas and subsequently retained counsel, who acknowledged the Markmans' receipt of the Subpoenas, and did not object to the same. Notwithstanding, the Markmans have not produced any responsive documents, and have refused to confer on the issue. As such, Defendants are entitled to an order pursuant to Fed R. Civ. P. 45(d)(2)(B)(i) compelling production of the requested documents, and/or in the alternative, for a determination adjudicating the Markmans in civil contempt under Fed R. Civ. P. 45(g), and damages, including reasonable counsel fees, under Local Civil Rule 83.6.

## BACKGROUND

1. On October 2, 2023, counsel for Defendants issued the Subpoenas to the Markmans out of the District of Nevada.[1]

2. The Subpoenas set forth the place of compliance at Lucosky Brookman LLP, 111 Broadway, Suite 807, New York, NY 10006, as well as a date of compliance of October 9, 2023.[2] The Markmans were both served with the Subpoenas.[3]

3. On October 9, 2023, the deadline for complying with the Subpoenas, counsel for the Markmans (Michael Sanft of Sanft Law) contacted counsel for Defendants via letter, indicated the Markmans were "in receipt of" the Subpoenas, and stated that he would be representing the Markmans with respect to the Subpoenas.[4]

4. On October 10, 2023, counsel for Defendants held a telephonic conference with Mr. Sanft to discuss the Subpoenas.[5] Having failed to express or lodge any objections in his October 9, 2023 letter, Mr. Sanft again failed to express or lodge any objections to the Subpoenas during the October 10, 2023 telephonic conference.[6]

5. On October 18, 2023, and then again on October 20, 2023, counsel for Defendants followed up with Mr. Sanft inquiring as to the status of the production of documents, indicating on the latter date that a motion to compel would be forthcoming absent production.[7]

6. The documents and communications in the Markmans' possession are integral to

---

[1] *See* Declaration of David Rosenfield, Esq. ("Rosenfield Decl.") in Support of Motion, at ¶ 4; *see also* **Exhibits 1** and **2** thereto.
[2] *See id.*
[3] *See* Rosenfield Decl. at ¶ 4; *see also* **Exhibits 3** and **4**.
[4] *See* Rosenfield Decl. at ¶ 5; *see also* **Exhibit 5**.
[5] *See* Rosenfield Decl at ¶ 6.
[6] *See id.*
[7] *See* Rosenfield Decl. at ¶ 7; *see also* **Exhibit 6**.

2

Defendants' theory of the case, as was made clear in their Preliminary Statement that accompanied their Answer in the Litigation.[8]

## RELEVANT LEGAL STANDARDS

Fed R. Civ. P. ("FRCP") 45 states, in relevant part, the following: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."[9] Objections must be timely served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."[10] Otherwise, both this District, as well as the District of Nevada from which the Litigation originates, deem any objections to a FRCP 45 subpoena to have been waived. *See, e.g.*, *WideVoice Commc'ns, Inc. v. Qwest Commc'ns Co., LLC*, No. 2:12-CV-00467-GMN, 2012 WL 1439071, at *3 (D. Nev. Apr. 26, 2012) ("Absent unusual circumstances, '[a] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived.'") (quotation omitted); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("…failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections…").

FRCP 45 also states, in relevant part: "The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."[11]

---

[8] *See* Rosenfield Decl. at ¶ 8; see also **Exhibit 7** (ECF No. 10 at pg. 2).
[9] *See* FRCP 45(d)(2)(B)(i).
[10] *See* FRCP 45(d)(2)(B).
[11] *See* FRCP 45(g).

3

## ARGUMENT

In this case, Defendants issued the Subpoenas to both of the Markmans and subsequently served them. The Markmans' attorney acknowledged the Markmans' receipt of the Subpoenas, held a telephonic conference with Defendants' counsel on the same, and at no point objected to the Subpoenas, either substantively or procedurally (thereby waiving any objections). The Subpoenas request that the Markmans produce assorted documents related to the Litigation, and call for a place of compliance in Manhattan, New York City. As Manhattan is within the U.S. District Court for the Southern District of New York, this Motion is properly brought in this District pursuant to FRCP 45(d)(2)(B)(i). The Markmans' counsel has furthermore been put on notice of Defendants' intention to move for a motion to compel, yet has nonetheless continued to refuse to either engage with respect to the Subpoenas or to produce responsive documents. As such, this Motion is ripe for this Court's consideration, and should be granted in light of the Markmans' failure to object in any way, produce any responsive documents, confer with Defendants' counsel, or provide an adequate excuse as to why they have failed to produce any responsive documents.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that its motion for an order compelling the Markmans to produce responsive documents under FRCP 45(d)(2)(B)(i) and/or in the alternative, for a determination adjudicating the Markmans in civil contempt under Fed R. Civ. P. 45(g) and for damages, including reasonable counsel fees, under Local Civil Rule 83.6, be granted.

Dated: November 14, 2023                         /s/ David M. Rosenfield
                                                 LUCOSKY BROOKMAN LLP
                                                 Samuel Louis Blatnick, Esq. (SB6598)
                                                 David Michael Rosenfield, Esq. (DR5398)
                                                 111 Broadway, Suite 807
                                                 New York, New York 10006
                                                 973-768-4773
                                                 *Counsel for Alan Shinderman & Aspen Asset Management Services, LLC*