USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
: 
SECURITIES AND EXCHANGE COMMISSION, :
:
                                 Plaintiff, :    23-MC-432 (VEC)
:
              -against- :    <u>ORDER</u>
:
MARKMAN BIOLOGICS CORP. and ALAN :
SHINDERMAN, :
:
                                Defendants, :
:
              -and- :
:
ASPEN ASSET MANAGEMENT SERVICES, LLC, :
:
                       Relief Defendant. :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Alan Shinderman and Aspen Asset Management Services, LLC ("Movants") moved to compel Barry Markman and Judy Markman ("Respondents") to comply with two subpoenas *duces tecum*, to hold Respondents in civil contempt, and for an award of fees and costs. *See* Not. of Mots., Dkt. 2. Respondents opposed the motions and requested that the Court transfer this matter to the District of Nevada. *See* Mem. in Opp., Dkt. 15. For the following reasons, the Court declines to transfer the matter to Nevada, the motion to compel is GRANTED, and the motions to hold Respondents in civil contempt and for an award of fees and costs are DENIED without prejudice.

## BACKGROUND

      Movants are defendants in an action brought by the U.S. Securities and Exchange Commission (the "SEC") in Nevada federal court (the "Nevada Litigation"). *See* Compl., Secs.

*& Exch. Comm'n v. Markman Biologics Corp.*, No. 2:23-CV-00288 (APG) (DJA) (D. Nev. Feb. 23, 2023), Dkt. 1.[1]

On October 2, 2023, in connection with the Nevada Litigation, Movants served two subpoenas *duces tecum* (the "Subpoenas") on Respondents, who are non-parties in the Nevada Litigation. *See* B. Markman Subpoena, Dkt. 5-1; B. Markman Proof of Service, Dkt. 5-3; J. Markman Subpoena, Dkt. 5-2; J. Markman Proof of Service, Dkt. 5-4.[2] The Subpoenas required compliance by October 9, 2023, and identified the place of compliance as the offices of Lucosky Brookman LLP, 111 Broadway, Suite 807, New York, NY 10006.[3] *See* B. Markman Subpoena at 1; J. Markman Subpoena at 1.

On October 9, 2023, Respondents' counsel informed Movants' counsel that he was representing Respondents in connection with the Subpoenas and requested an extension of time to comply with the Subpoenas. *See* Oct. 2023 Letter, Dkt. 5-5. Having heard no objection to the Subpoenas from Respondents, on October 18 and 20, 2023, Movants' counsel asked Respondents' counsel when Movants could expect to receive documents in response to the

---

[1] The defendants in the Nevada Litigation (the "Nevada Defendants") are Markman Biologics Corp. ("Markman Biologics") and Alan Shinderman ("Shinderman"); Aspen Asset Management Services, LLC ("Aspen Asset Management") is named as a relief defendant. *See* Compl., *Secs. & Exch. Comm'n v. Markman Biologics Corp.*, No. 2:23-CV-00288 (APG) (DJA) (D. Nev. Feb. 23, 2023), Dkt. 1. The Nevada Defendants allegedly facilitated fraudulent and unregistered securities offerings and misappropriated investor assets in violation of the Securities Act of 1933 and the Securities Exchange Act of 1934. *Id.*

[2] The Subpoenas required the production of ten categories of documents, including communications with the SEC about the Nevada Defendants or Aspen Asset Management, productions to the SEC concerning the Nevada Defendants or Aspen Asset Management, and communications regarding Respondents' compensation in connection with services rendered to Markman Biologics. *See* B. Markman Subpoena, Dkt. 5-1; J. Markman Subpoena, Dkt. 5-2.

[3] Movants do not address why the New York office of the law firm Lucosky Brookman LLP ("Lucosky Brookman") was designated as the location of compliance. The Court takes judicial notice of the fact that Lucosky Brookman represents Movants and represented Markman Biologics in the Nevada Litigation until September 29, 2023. *See* Order, *Secs. & Exch. Comm'n v. Markman Biologics Corp.*, No. 2:23-CV-00288 (APG) (DJA) (D. Nev. Sept. 29, 2023), Dkt. 29.

Subpoenas and indicated that Movants would file a motion to compel if Respondents did not respond. *See* Oct. 2023 Emails, Dkt. 5-6.

On November 14, 2023, Movants filed the instant motions to compel compliance with the Subpoenas (the "Motion to Compel"), to hold Respondents in civil contempt (the "Contempt Motion"), and for an award of fees and costs (the "Costs Motion") (collectively, the "Motions"). *See* Not. of Mots., Dkt. 2.

The Court ordered Respondents to show cause by December 1, 2023, why the Motions should not be granted. *See* Order, Dkt. 8. On December 4, 2023, having received no response from Respondents, the Court ordered Respondents to respond by December 6, 2023, or the Court would treat the Motions as unopposed. *See* Order, Dkt. 10. Respondents opposed the Motions and asked the Court to transfer the matter to Nevada. *See* Mem. in Opp. Respondents represented that they had "accumulated documents in furtherance of [the Subpoenas]" and that they would "provide them" to Movants' counsel. Sanft Decl., Dkt. 15-1, ¶ 9. Movants replied in support of the Motions and opposed Respondents' request to transfer the matter to Nevada. *See* Reply Mem., Dkt. 18. As of the date of Movants' reply, Respondents had not complied with the Subpoenas.

## I.   The Court Declines to Transfer this Matter to Nevada

The Court declines to transfer this matter to Nevada; Respondents' request strikes the Court as nothing more than a veiled attempt to further delay compliance with the Subpoenas, and transfer would not meaningfully serve judicial economy.

### A. Legal Standard

Under Federal Rule of Civil Procedure 45 ("Rule 45"), the court where an action is pending may issue a subpoena requiring the production of documents, electronically stored

information, or tangible things. Fed. R. Civ. P. 45(a). A motion to compel compliance with a subpoena *duces tecum* must be made "in the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). If the court where compliance is required did not issue the subpoena, it "may transfer" a motion to compel to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Courts, therefore, have discretion to decide whether to transfer a subpoena-related motion to the issuing court. *See SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19-mc-130 (ER), 2019 WL 4879333, at *1 (S.D.N.Y. Oct. 3, 2019).

A party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's subject. Fed. R. Civ. P. 45(d)(1).

### B. Application

Rather than meaningfully address their noncompliance with the Subpoenas, Respondents asked this Court, without filing a proper notice of motion,[4] to transfer the Motions to Nevada. Mem. in Opp. at 3. Although the Court has discretion to do so because Respondents consent, *see SBA Commc'ns Corp.*, 2019 WL 4879333, at *2, it denies the request.

Transferring this matter to Nevada would merely enable Respondents to continue dragging their feet rather than comply with the Subpoenas. Respondents were served with the Subpoenas in early October, did not object, were warned by Movants' counsel that their continued silence would result in motion practice, and failed timely to respond to the Court's order — a history of delinquency which Respondents do not contest. *See generally* Sanft Decl.; Oct. 2023 Letter; Oct. 2023 Emails.

---

[4] This procedural deficiency — in violation of Federal Rule of Civil Procedure 7 and S.D.N.Y. Local Rule 7.1(a)(1) — is, in and of itself, "a reason to deny" Respondents' request. *Helfrich v. Raven3 Home Buyers LLC*, No. 22-CV-03529 (PMH), 2023 WL 5956221, at *1 n.1 (S.D.N.Y. Sept. 13, 2023).

Respondents appear to be based in Texas, not Nevada. *See* B. Markman Proof of Service; J. Markman Proof of Service. Moreover, transferring the Motions to Nevada would not meaningfully serve the interests of judicial economy inasmuch as the Nevada Litigation was filed recently and has not yet generated any substantive motions. *Compare Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, No. 23-mc-447 (LJL), 2023 WL 8280973, at *1–2 (S.D.N.Y. Nov. 30, 2023) (granting a motion to transfer under Rule 45 where the subpoena recipient consented to transfer, the underlying action had been ongoing for nearly three years, and the issuing court had ruled on several discovery motions) *with Somaxon Pharms., Inc. v. Actavis Elizabeth LLC*, No. 22-mc-162 (KPF), 2022 WL 3577904, at *3 n.3 (S.D.N.Y. Aug. 18, 2022) (noting that transfer pursuant to Rule 45 would "not further the interest of judicial economy" because it was "unlikely" that the issuing court was "better situated to resolve the dispute").

Instead of explaining why transferring this matter to Nevada would serve the interests of judicial economy or facilitate Respondents' compliance, Respondents complain that Movants caused them "undue expense" by filing the Motions in this Court. Mem. in Opp. at 3. As further discussed *infra*, this Court is the proper forum for the Motions. In any event, Respondents had ample opportunity to avoid these litigation expenses entirely by timely complying with or objecting to the Subpoenas. Having failed to do either, any expense is entirely of their own making.

I.    **The Motion to Compel is Granted**

The Court grants the Motion to Compel because Respondents failed properly to object to the Subpoenas' place of compliance and have neither objected to nor moved to quash the Subpoenas.

### A. Legal Standard

A motion to compel compliance with a subpoena *duces tecum* must be made "in the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a) (stating that a motion to compel a non-party to comply with a subpoena "must be made in the court where the discovery is or will be taken").

A subpoena may command production within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). A person commanded to produce documents, electronically stored information, or tangible things "need not appear in person" at the place of production. Fed. R. Civ. P. 45(d)(2)(A).

Any objection to a subpoena, including an objection to the location at which compliance is required, must be filed within 14 days of service. Fed. R. Civ. P. 45(d)(2)(B). The failure timely to serve written objections typically waives the objections. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). Failure to object may, however, be forgiven "in unusual circumstances and for good cause," such as: (1) the subpoena is overbroad on its face; (2) the subpoenaed person "is a non-party acting in good faith"; or (3) the subpoenaed person's counsel was previously in contact with the issuing party's counsel concerning compliance with the subpoena. *Sines v. Yiannopoulos*, No. 20-mc-241 (KPF), 2020 WL 6058279, at *4 (S.D.N.Y. Oct. 14, 2020) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (collecting cases)).

In response to a "timely" motion to quash, the court for the district in which compliance is required must quash or modify a subpoena that requires compliance at a location beyond the geographical limits specified in Rule 45(c). Fed. R. Civ. P. 45(d)(3)(A)(ii). To be timely, "a motion to quash . . . must be made prior to the return date of the subpoena." *In re DMCA Section*

*512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases). District courts have "broad discretion," however, to quash a subpoena even if the motion to quash is untimely. *Bouchard Transp. Co., Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15-CV-6586 (PAC), 2015 WL 6741852, at *1 (S.D.N.Y. Nov. 4, 2015).

### B. Application

Respondents oppose the Motion to Compel on the grounds that specifying New York as the location of compliance and filing the Motions in this Court gave rise to "undue expense" because Respondents do not live, work, or regularly transact business within 100 miles of New York. Mem. in Opp. at 3.

As a preliminary matter, Respondents' deadline to object to the Subpoenas (or to file a motion to quash) has long passed — a fact Respondents simply ignored in their response. *See Cox v. German Kitchen Ctr. LLC*, No. 17-CV-6081 (GBD) (KNF), 2020 WL 5235748, at *9 (S.D.N.Y. Sept. 2, 2020) (overruling an objection to a subpoena raised in opposition to a motion to compel as untimely because the objecting party "did not serve written objections to the subpoena"). Far from providing the Court with facts from which it could find that they had good cause for failing timely to object to the Subpoenas, Respondents concede that they have no objections to the Subpoenas (beyond their belated objection to the location of compliance); they indicate that they still remain prepared to produce responsive documents; and they are conspicuously silent as to why they stopped communicating with Movants and failed timely to respond to the Motion to Compel. *See* Sanft Decl. ¶¶ 5–6, 9.[5]

---

[5] Respondents' counsel seems to suggest that Respondents did not produce documents in response to the Subpoenas, or perhaps did not expect Movants to file the Motions, because Movants' counsel did not move to be admitted *pro hac vice* in the Nevada Litigation until November 16, 2023. Sanft Decl., Dkt. 15-1, ¶ 7. This cryptic "explanation" for Respondents' failure to comply with or object to the Subpoenas does not address their failure to respond to Movants' counsel's emails or to the Court's November 16, 2023 Order.

Although Respondents' counsel was in communication with Movants' counsel before the Motions were filed, he eventually stopped communicating, and failed to object to the Subpoenas despite being warned that Movants would file a motion to compel if Respondents remained silent. *See* Oct. 2023 Emails. Respondents have not objected to the breadth of the Subpoenas, and, on their face, they are not overly broad.[6] The Court therefore finds that Respondents have waived their objection to the location of compliance.[7] *See BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-921 (BEN) (WVG), 2018 WL 2267144, at *8–9 (S.D. Cal. May 17, 2018) (concluding that the respondent waived the right to object to or move to quash a subpoena, including on grounds that it did not comply with Rule 45's geographical limitation, because the respondent did not properly object, the subpoena was not overbroad on its face, and the respondent's counsel "never properly challenged the legal basis for the subpoena" when conferring with the movant's counsel).

Even if Respondents had not waived their objection to the place of compliance, they fail to substantiate their assertion that they do not live, work, or regularly transact business within 100 miles of New York.[8] *See Amphenol Corp. v. Fractus, S.A.*, No. 19-mc-160 (PAE), 2019 WL

---

[6] Respondents have provided no facts to the Court that would allow it to make a more discriminating assessment of whether the Subpoenas are overbroad.

[7] Because Respondents may produce documents electronically, and "need not appear in person" at the place of production, Fed. R. Civ. P. 45(d)(2)(A), their waiver does not have much practical effect beyond justifying this Court's exercise of jurisdiction over the Motions. Respondents' objection to the place of compliance, although valid if it had been properly raised and substantiated, therefore suggests gamesmanship rather than actual concern about the burden of complying with the Subpoenas. Counsel's assertion that having to file a routine *pro hac vice* motion "flies in the face" of Rule 45 because it is overly burdensome, Mem. in Opp., Dkt. 15, at 3, is ludicrous.

[8] The Subpoenas, whose proof of service Respondents do not cite in their opposition papers, were served on Respondents in Texas. *See* B. Markman Proof of Service, Dkt. 5-3; J. Markman Proof of Service, Dkt. 5-4. While the location of compliance may, therefore, have been improper, Respondents did not submit any evidence substantiating their factual assertions beyond counsel's unsworn say-so. Respondents also did not file motions to quash and did not object to this Court's exercise of personal jurisdiction. *See Chevron Corp. v. Donzinger*, 296 F.R.D. 168, 198–99 (S.D.N.Y. 2013) ("[Respondents'] failure to raise personal jurisdiction waived that argument for purposes of the motion to compel." (internal citations omitted)).

8

2521300, at *7 (S.D.N.Y. June 19, 2019) (concluding that subpoenas complied with Rule 45's geographical limitation requirement because the movant "[did] not put forward evidence that specific documents sought by the subpoena [were] located more than 100 miles from the place of compliance").

Because Respondents did not timely object to Manhattan as the location of compliance, Movants properly filed the Motion to Compel in this District, which encompasses the place of compliance. *See JMC Rests. Holdings, LLC v. Pevida*, No. 14-CV-6157 (WFK) (VMS), 2015 WL 2240492, at *1–3 (E.D.N.Y. May 12, 2015) (concluding that a motion to compel under Rule 45 should have been brought in the Southern District of New York because the place of compliance was Manhattan); *see also* Fed. R. Civ. P 37(a).

For all of those reasons, the Court grants the Motion to Compel.

## II.     The Court Denies Without Prejudice the Motions to Hold Respondents in Civil Contempt and for Fees and Costs

The Court may hold in contempt a person who, having been served, fails "without adequate excuse" to obey a subpoena. Fed. R. Civ. P. 45(g). Contemnors may be required to pay reasonable attorneys' fees as damages. *See* S.D.N.Y. Local Rule 83.6.

Courts in the Second Circuit have "often held," however, that "a court should first issue an order compelling compliance with the subpoena" before holding a subpoenaed party in contempt. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2017 WL 9732100, at *1 (E.D.N.Y. Oct. 30, 2017) (collecting cases); *see also* Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment ("[I]t [is] rare for a court to use contempt sanctions without first ordering compliance with a subpoena. . . ."). The Contempt Motion and the Costs Motion are, therefore, DENIED without prejudice to Movants renewing their motions if Respondents fail to comply with this Order.

## CONCLUSION

For the foregoing reasons, the Motion to Compel is GRANTED and the Contempt Motion and the Costs Motion are DENIED without prejudice.

Not later than **Friday, January 5, 2024**, Respondents must comply with the Subpoenas. Not later than **Friday, January 12, 2024**, the parties must submit a joint status letter indicating whether they request or anticipate requesting any further motion practice in this case, and whether the case can be closed.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 2.

**SO ORDERED.**

Date:  December 15, 2023
      New York, NY

                                   **VALERIE CAPRONI**
                                   **United States District Judge**