UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

SECURITIES AND EXCHANGE COMMISSION,

         Plaintiff,

-against-

MARKMAN BIOLOGICS CORP. and ALAN SHINDERMAN,

         Defendants,

-and-

ASPEN ASSET MANAGEMENT SERVICES, LLC,

         Relief Defendant.

------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/25/2024

23-MC-432 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

  WHEREAS on November 14, 2023, Alan Shinderman and Aspen Asset Management Services, LLC ("Movants") moved to compel Barry Markman and Judy Markman ("Respondents") to comply with two subpoenas *duces tecum*, to hold Respondents in civil contempt, and for an award of fees and costs, Mot., Dkt. 2;

  WHEREAS on December 15, 2023, the Court granted the motion to compel, denied without prejudice the motion for contempt and for an award of fees and costs, and ordered Respondents to comply with the subpoenas by January 5, 2024, Op., Dkt. 21;

  WHEREAS on March 4, 2024, Movants moved for reconsideration of the Court's Order denying the motion for contempt and for an award of fees and costs because Respondents had allegedly failed fully to comply with the subpoenas, Letter, Dkt. 26;

1

WHEREAS on March 5, 2024, the Court ordered Respondents to show cause why they should not be held in contempt, to pay an escalating fine until they complied fully with the subpoenas, and to pay Movants' reasonable attorneys' fees, and also ordered the parties to appear for a status conference, Order, Dkt. 27;

WHEREAS on March 15, 2024, Respondents responded to the order to show cause, opposed the motion for reconsideration, and stated that they had produced all responsive items in their possession, Resp'ts Opp. to Mot. for Reconsideration, Dkt. 30;

WHEREAS in their opposition, Respondents submitted declarations stating that they "have made every effort to locate and produce every document in our possession and control in our home in response to the subpoena," Judy Markman Decl., Dkt. 30-1 ¶ 4; Barry Markman Decl., Dkt. 30-1 ¶ 4;

WHEREAS Respondents' counsel submitted a declaration stating "the Markmans do not have any texts going all the way back to 2017," Sanft Decl., Dkt. 30 ¶ 13;

WHEREAS on March 22, 2024, Movants submitted a reply in further support of their motion and argued that reconsideration was warranted in light of the considerable delay, and because "Defendants are still not entirely certain if the production is complete," Reply, Dkt. 32 ¶ 27; and

WHEREAS a motion for reconsideration may be granted based on "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

IT IS HEREBY ORDERED that the motion for reconsideration is GRANTED in part. The Court will not hold Respondents in contempt or order them to pay a fine for their delay in

complying with the subpoenas. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court orders Respondents and Respondents' counsel to pay Movants' reasonable attorneys' fees and expenses associated with the litigation of the motion to compel.

Although the Court is sympathetic to the Movants' challenges in securing compliance with the subpoenas, Movants have not demonstrated that Respondents acted in bad faith such that an order of contempt or monetary sanctions are warranted. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) ("[A] contempt order is . . . a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." (cleaned up)); *see also* Reply ¶ 30 (noting that Movants do not argue that delay was intentional). The Court credits Respondents' assertion that they have produced all responsive documents; accordingly, any contempt that previously existed has now been purged.

As to the fees motion, Federal Rule of Civil Procedure 37(a)(5)(C) provides that, if a court grants a motion to compel, it "must" order respondents or their attorneys to pay reasonable expenses and attorneys' fees, unless the motion was filed prior to a good faith effort to obtain discovery, the opposing party's noncompliance "was substantially justified," or an award of fees and expenses would be unjust. *See Wager v. G4S Secure Integration, LLC*, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021) ("[I]t is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies.").

All of those factors counsel toward granting the motion for fees and expenses. As the Court previously found, Respondents have "a history of delinquency;" they raised no objection to explain their refusal to comply with the subpoenas, and they failed timely to respond to the Court's order to show cause why the motion to compel should not be granted. Op. at 4.

Respondents offer no explanation of their delay in complying with the subpoenas before being ordered to do so by this Court, except for vague reference to the fact that Movants' counsel had a pending *pro hac vice* motion in the District of Nevada, where the underlying case is pending. *See* Resp'ts Opp. to Mot. to Compel, Dkt. 15 at 2; *Wager*, 2021 WL 293076, at *4 (noting that respondents bear burden to show why an award of fees and expenses is not appropriate after a motion to compel is granted).

Accordingly, the Court finds an award of reasonable fees and costs pursuant to Rule 37(a)(5)(C) is appropriate. The Court orders both Respondents and Respondents' counsel to pay the award of fees and costs because the Court finds that the need to litigate the present matter was created, in part, by counsel's delinquency. *See* Resp'ts Opp. to Mot. to Compel at 2 (offering no explanation for counsel's failure to object or facilitate compliance with the subpoenas). By separate order, the Court will refer the parties to the assigned Magistrate Judge for the calculation of the award of fees and costs.

IT IS FURTHER ORDERED that the April 5, 2024, conference in this matter is CANCELED.

**SO ORDERED.**

Date: March 25, 2024
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**